UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERT J. DEGUTIS, individually, and
on behalf of all others similarly situated,

        Plaintiff,

v.                                                Case No:  2:12-cv-319-FtM-38DNF

FINANCIAL FREEDOM, LLC and
FINANCIAL FREEDOM
ACQUISITION, LLC,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants' Motion to Bifurcate Discovery and to Commence with Discovery that Tests Merits of Named Plaintiff's Claims (Doc. #39) filed on July 25, 2013. Plaintiff's Response in Opposition (Doc. #40) was filed on August 1, 2013. Thus, the Motion is now ripe for review.

Plaintiff Albert J. Degutis brings this Complaint individually and as a putative class representative on behalf of himself and all other similarly situated homeowners in Florida who have or had Florida residential mortgage loans serviced by Financial Freedom, LLC between February 1, 2007 and the present, and owned by Financial Freedom Acquisition, LLC, and were required to pay for "force-place" flood insurance

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

policies.  (Doc. #2, ¶1).  Plaintiff alleges that Defendants engaged in a common pattern and practice of force placing flood insurance even though borrowers' property was already covered by an existing policy providing adequate flood insurance.  (Id. at ¶1). Only Plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act has survived dismissal.  (Doc. #50).

Defendants propose a phased discovery schedule that will allow the Parties to focus first on completing the Plaintiff-specific discovery necessary for the Court to address the merits of Plaintiff's claims.  Specifically, Defendants propose that individual merits discovery proceed first and then adjudication of the named Plaintiff's claims before addressing class certification issues.  In support, Defendants alleges that Plaintiff has suffered no compensable loss.  Thus, Defendants would file a motion for summary judgment regarding the named Plaintiff for adjudication by the Court prior to class discovery and certification issues.  In response, Plaintiff argues that allowing this type of bifurcation will only delay this case and is an impermissible attempt of Defendants to test the likelihood of Plaintiff's success on the merits prior to a determination on class certification.

In Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009), the Ninth Circuit recognized that pre-certification discovery lies within the trial court's discretion:

> District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted ... lies within the sound discretion of the trial court' Kamm v. Cal. City Dev. Co., 509 F.2d 205, 209 (9th Cir. 1975); accord Armstrong v. Davis, 275 F.3d 849, 871 n. 28 (9th Cir. 2001).  Although a party seeking class certification is not always entitled to discovery on the class certification issue, we have stated that '[t]he propriety of a class action cannot be determined in some cases without discovery,' Kamm, 509 F.2d at 210, and that the better and

more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.

Vinole, 571 F.3d at 942 (internal quotations and citations omitted).

The Court finds that in this case bifurcation as requested by the Defendants would be appropriate. Thus, the Court will stay class discovery and will allow discovery to commence regarding the named Plaintiff's claims for a period of 60 days. The Court will set dates for this discovery and briefing of summary judgment. The Court will set a date upon which class discovery may commence, if necessary, after the Court's ruling on the motion for summary judgment. In the meantime, class discovery is stayed.

Accordingly, it is now

**ORDERED:**

(1) Defendants' Motion to Bifurcate Discovery and to Commence with Discovery that Tests Merits of Named Plaintiff's Claims (Doc. #39) is **GRANTED in part**. Discovery regarding the merits of Albert Degutis' individual claims shall commence immediately.

(2) Discovery regarding Plaintiff's individual claims shall last until **December 17, 2013**.

(3) Defendant's motion for summary judgment regarding Plaintiff's individual claims is due on or before **January 17, 2014**.

(4) Class discovery is **STAYED** and shall commence after the Court's ruling on the motion for summary judgment, if necessary.

(5) Plaintiff's Second Unopposed Motion for Extension of Time to File Motion for Class Certification (Doc. #47) is **GRANTED** to the extent that Plaintiff's

3

deadline to file its motion for class certification is **STAYED** in light of the above directives.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of October, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record